SALAM S. ALKHAFAJI #190205
**Name and Prisoner/Booking Number**

ASPC-LEWIS / LEE EAGLEPOINT 301
**Place of Confinement**

P.O. BOX 3700
**Mailing Address**

BUCKEYE, AZ 85326
**City, State, Zip Code**

```
☑ FILED     ___ LODGED
___ RECEIVED ___ COPY

    MAR 08 2012

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

SALAM ALKHAFAJI
(Full Name of Plaintiff)
             Plaintiff,

vs.

(1) JOSEPH ARPAIO, SHERIFF COUNTY OF MARICOPA, ET al.,
(Full Name of Defendant)

(2) G. BUSH DEFENDANTS

(3) RAIN

(4) CHRIS ROGER

             Defendant(s).
☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV 11-741-PHX-DGC (MEA)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

JURY TRIAL DEMANDED

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: 28 U.S.C. § 1367 SUPPLEMENTAL JURISDICTION; ADA, TITLE II, 42 U.S.C. § 12161 ET SEQ. §12132, HIPA

2. Institution/city where violation occurred: MARICOPA COUNTY JAIL (LBJ) PHOENIX, ARIZONA

550/555

1. A. DEFENDANT(S) CONT.
   5. CHRIS
   6. GADDY
   7. STRAIGHT
   8. D. SPIRITU, M.D.
   9. P. DRAPEAU, M.D.
   10. HUMIS

Case 2:11-cv-00741-DGC-MEA   Document 19   Filed 03/08/12   Page 3 of 11
Case: 2:11-cv-00741-DGC--MEA   Document #: 18-1   Date Filed: 02/14/2012   Page 10 of 14

10

## B. DEFENDANTS

1. Name of first Defendant: JOSEPH ARPAIO. The first Defendant is employed as: MARICOPA COUNTY SHERIFF at MARICOPA COUNTY - ALL JAIL FACILITIES.
   (Position and Title)                                      (Institution)

2. Name of second Defendant: G. BUSH. The second Defendant is employed as: CORRECTIONAL OFFICER at MARICOPA COUNTY LOWER BUCKEYE JAIL.
   (Position and Title)                                      (Institution)

3. Name of third Defendant: RAIN. The third Defendant is employed as: CORRECTIONAL OFFICER at MARICOPA COUNTY LOWER BUCKEY JAIL.
   (Position and Title)                                      (Institution)

4. Name of fourth Defendant: ROGER. The fourth Defendant is employed as: CORRECTIONAL OFFICER SGT. at MARICOPA COUNTY LOWER BUCKEYE JAIL.
   (Position and Title)                                      (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

2. B. DEFENDANTS CONTINUED

5. NAME of FIFTH DEFENDANT: CHRIS, THE FIFTH DEFENDANT IS EMPLOYED AS AN CORRECTIONAL OFFICER SGT. AT MARICOPA COUNTY LOWER BUCKEYE JAIL.

6. NAME of SIXTH DEFENDANT: ODDly, THE SIXTH DEFENDANT IS EMPLOYED AS AN CORRECTIONAL OFFICER SGT. AT MARICOPA COUNTY LOWER BUCKEY JAIL.

7. NAME of SEVENTH DEFENDANT: STRAIGHT, THE SEVENTH DEFENDANT IS EMPLOYED AS AN CORRECTIONAL OFFICER SGT. AT MARICOPA COUNTY LOWER BUCKEYE JAIL.

8. NAME of EIGTH DEFENDANT: D. SPIRITU, M.D. THE EIGTH DEFENDANT IS EMPLOYED AS AN PHYSICIAN AT MARICOPA COUNTY LOWER BUCKEYE JAIL.

9. NAME of NINTH DEFENDANT: P. DRAPEAU, M.D. THE NINTH DEFENDANT IS EMPLOYED AS AN PHYSICIAN AT MARICOPA COUNTY LOWER BUCKEYE JAIL.

10. NAME of TENTH DEFENDANT: HUMIS THE TENTH DEFENDANT IS EMPLOYED AS AN PHYSICIAN AT MARICOPA COUNTY LOWER BUCKEY JAIL.

Case 2:11-cv-00741-DGC-MEA   Document 19   Filed 03/08/12   Page 5 of 11
Case: 2:11-cv-00741-DGC--MEA   Document #: 18-1   Date Filed: 02/14/2012   Page 11 of 14

11

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Fourth, Fifth and Fourteenth violation U.S.C., Excessive Force, Due Process clause against pretrial detainee.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. ~~Defendants~~ Parties:

   1. Saiam S. Alkhafaji was at the time of the alleged incident an pretrial detainee at the Maricopa County Lower Buckeye Jail Facility. Saiam S. Alkhafaji is currently an inmate at the Arizona State Prison, Lewis Complex, Eagle Point Unit.

   2. Joseph Arpaio is an individual who resides within the State of Arizona, is/was employed officially as Maricopa County Sheriff. Arpaio is responsible for oversight of all Maricopa County Jail Facilities.

   3. G. Bush is an individual who resides within the State of Arizona, is/was employed officially as Maricopa County Correctional officer at the Maricopa County Lower Buckeye Jail Facility.

   4. Rain is an individual who resides within the State of Arizona; is/was employed officially as Maricopa County Correctional officer at the Maricopa County Lower Buckeye Jail Facility.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Irreversable paralysis, and deminished physical capacity, decline in quality of life, and reduction of life expectancy.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

3.3. SUPPORTING FACTS CONTINUED - PARTIES   COUNT I

5. ROGER, IS AN INDIVIDUAL WHO RESIDES WITHIN THE STATE OF ARIZONA, IS/WAS EMPLOYED OFFICIALLY AS MARICOPA COUNTY CORRECTIONAL SGT. OFFICER AT THE MARICOPA COUNTY LOWER BUCKEYE JAIL FACILITY.

6. CHRIS, IS AN INDIVIDUAL WHO RESIDES WITHIN THE STATE OF ARIZONA, IS/WAS EMPLOYED OFFICIALLY AS MARICOPA COUNTY CORRECTIONAL SGT. OFFICER AT THE MARICOPA COUNTY LOWER BUCKEYE JAIL FACILITY.

7. ODDLY, IS AN INDIVIDUAL WHO RESIDES WITHIN THE STATE OF ARIZONA, IS/WAS EMPLOYED OFFICIALLY AS MARICOPA COUNTY CORRECTIONAL SGT. OFFICER AT THE MARICOPA COUNTY LOWER BUCKEYE JAIL FACILITY.

8. STRAIGHT, IS AN INDIVIDUAL WHO RESIDES WITHIN THE STATE OF ARIZONA, IS/WAS EMPLOYED OFFICIALLY AS MARICOPA COUNTY CORRECTIONAL SGT. OFFICER AT THE MARICOPA COUNTY LOWER BUCKEY JAIL FACILITY.

9. ALL DEFENDANTS ARE NAMED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AND SHOULD BE DIRECTED TO ANSWER FOR THEIR ACTIONS AS SUCH.

10. DEFENDANT JOSEPH ARPAIO IS THE ELECTED SHERIFF OF THE COUNTY OF MARICOPA. AS SUCH ARPAIO IS RESPONSIBLE FOR OVERSIGHT OF ALL MARICOPA COUNTY JAIL FACILITIES. ARPAIO DETERMINES POLICY FOR THE TREATMENT OF ALL PRETRIAL DETAINEES HOUSED WITHIN THE MARICOPA COUNTY JAIL FACILITIES. IN ADDITION ARPAIO DETERMINES POLICY AND PROCEDURE FOR THE TRAINING OF ALL MARICOPA COUNTY CORRECTIONAL

### 3. 5. Supporting Facts Continued - Count I

11. On or about 12-30-2008 while housed as a pretrial detainee, under court ordered psychological evaluation; at the Maricopa County Jail Lower Buckeye Jail Facility. Alkhafaji was subjected to an "malicious and sadistic" assault at the hands of defendant(s) G. Bush, C.O., Rain, C.O., Roger, Sgt. C.O., Humis, C.O., and P. Drapeau, M.D.. Said assault was precipitated by an asthma attack which incapacitated Alkhafaji. Dr. P. Drapeau was called to Alkhafaji's cell in order to evaluate Alkhafaji's condition. Defendant Drapeau, M.D. made an biased opinion that Alkhafaji was malingering. Drapeau became extremely irate, and proceeded to direct racial, and profane remarks towards Alkhafaji. Defendant Drapeau directed defendant(s) Bush, Rain, Roger, and Humis to place Alkhafaji into hand, and leg restraints. Alkhafaji, suffering from an asthma attack, and in hand, and leg restraints was unable to voice concern, or respond to Drapeau's anger. Drapeau screamed at Alkhafaji and ordered Alkhafaji to "get off the floor and stand up!" When Alkhafaji failed to respond to defendant Drapeau's demands. Drapeau directed defendant(s) Bush, Rain, Roger, and Humis to enter Alkhafaji's cell, and force Alkhafaji to comply. Defendant(s) Rain, and Humis grabed Alkhafaji by the ears, lifting Alkhafaji several feet off the floor. When Alkhafaji was still unable to comply with orders to "stand up!" Defendant(s) Rain, and Humis began to beat Alkhafaji with fist blows to the head, back, and neck, and with kicks to the legs, stomach and back. After several minutes of beating Alkhafaji, Alkhafaji offered no resistance at any time, and posed no threat to personal safety, threat to staff, or threat to the security of the facility. Defendant(s) Bush, and Roger witnessed the assault and made no attempt to intervene, and/or protect Alkhafaji, at the direction of defendant Drapeau. Defendant(s) Bush, and Roger to remove

3. 3. <u>SUPPORTING FACTS CONTINUED - COUNT I</u>

ALKHAFAJI FROM HIS CELL AND TRANSFER HIM TO AN DISCIPLINARY ISOLATION CELL. DEFENDANT(S) BUSH, AND ROGER LIFTED ALKHAFAJI BY THE HAND AND LEG RESTRAINTS CARRYING ALKHAFAJI IN THIS MANNER TO SAID DISCIPLINARY ISO. CELL. DEFENDANT(S) BUSH, RAIN, ROGER, AND HUMIS PHYSICALLY STRIPPED ALKHAFAJI NAKED AND SHACKLED HIM TO A BARE METAL "FOUR POINT" RESTRAINT BED. ALKHAFAJI WAS CONFINED IN THIS MANNER FOR OVER (48) FOURTY-EIGHT HOURS. ALKHAFAJI WAS FORCED TO URINATE, AND DEFECATE UPON HIMSELF. AT NO TIME WAS ALKHAFAJI AFFORDED MEDICAL HEALTH CONSULTATION, OR CARE FOR INJURIES SUSTAINED AS RESULT OF THE ASSAULT, AND EXTENDED "FOUR POINT," RESTRAINT. SINCE TRANSFER TO THE ARIZONA DEPARTMENT OF CORRECTIONS ("ADOC"), ADOC HEALTH SERVICES PHYSICIANS HAVE DETERMINED THAT ALKHAFAJI DID IN FACT SUSTAIN SERIOUS, IRREVERSABLE INJURIES AS RESULT OF THE "MALICIOUS AND SADISTIC," ASSAULT, INCLUDING PARALYSIS, AND CONFINEMENT TO AN WHEELCHAIR FOR THE REST OF HIS LIFE.

12. USE OF FORCE BY MARICOPA COUNTY C.O.'S WAS UNNESSESARY AS ALKHAFAJI POSED NO THREAT TO HIMSELF, STAFF, INSTITUTIONAL SECURITY, OR OTHER INMATES.

13. THE EXTENT OF INJURY SUFFERED BY AN PRETRIAL DETAINEE FAR EXCEEDS ANY MEASURE OF THE NEED FOR FORCE, AND THE AMOUNT OF FORCE USED.

14. DEFENDANT(S) MADE NO EFFORT TO TEMPER THE SEVERITY OF AN FORCEFUL RESPONSE.

15. All DEFENDANT(S) ACTED UNDER COLOR OF STATE LAW

Case 2:11-cv-00741-DGC-MEA   Document 19   Filed 03/08/12   Page 9 of 11
Case: 2:11-cv-00741-DGC--MEA   Document #: 18-1   Date Filed: 02/14/2012   Page 12 of 14

12

# COUNT II

1. State the constitutional or other federal civil right that was violated: U.S.C. Eigth Amendment Deliberate Indifference to Serious Medical Needs, ADA Title II, 42 USC §12101, et seq §§ 1331, 1343 (a)(3)

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Repeats and reaffirms paragraphs and claims from Count I (All Defendants). Saiam Alkhafaji was housed as an pretrial detainee from 2006 - 2009 during which time Alkhafaji was denied medical health services. Alkhafaji submitted numerous requests to Defendant(s) Drapeau, M.D., Spiritual, M.D., Reger, C.O. Sgt., Chris, C.O. Sgt., Oddy, C.O. Sgt., and Straight, C.O. Sgt. Despite clear physical injuries sustained from an documented assault by staff, as well as numerous sores and infections resulting from "four point" restraint and Alkhafaji's diminished physical capacity. Maricopa County Medical Health Services failed or refused to provide for Alkhafaji's medical needs. On July 20, 2009 Alkhafaji was transferred to Maricopa County Hospital for psychological evaluation. At this time Maricopa County Hospital staff submitted an report to Maricopa County Jail Defendant Arpaio documenting Alkhafaji's abuse, and lack of medical care. As result of said report Defendant Drapeau, M.D. was sanctioned, and transferred. Since transfer to the Arizona Department of Corrections, Alkhafaji has been tested and treated by impartial medical professionals whom have verified that Alkhafaji has in fact sustained irreversable physical injuries as result of inadequate or refusal of medical health services by or from Maricopa County employees, staff, and correctional officers, while confined at the Maricopa County (Lower Buckeye Jail) facility. All Defendant(s) acted under color of state law.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Irreversable paralysis, and diminished physical capacity, decline in quality of life, and reduction of life expectancy.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Maricopa County staff, civilian employees, and correctional officers refused to accept request due to plaintiffs status as under psychological evaluation.

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: Eighth Ammendment violation in the form of cruel and unusual punishment, inhumane condition of confinement, deprevation of basic human need, excessive and unreasonable isolation

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: Cruel and unusual punishment. Extended confinement in isolation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

1. Petitioner Salam Alkhafaji was arrested on 8-28-06 and confined as an pretrial detainee at the Maricopa County Fourth Ave. Jail facility. On or about October, 2006 Alkhafaji was ordered to undergo psychological evaluation by court order. And was transferred to the Maricopa County Lower Buckeye Jail facility. From the date of transfer to 8-20-09 Alkhafaji was kept in complete isolation under the guise of mental health evaluation under the direct and complete supervision of defendant Drapeau, M.D. During Alkhafaji's length of confinement Alkhafaji was subjected to "malicious and sadistic" abuse in the form of psychological, physical, and verbal abuse. Alkhafaji was housed in complete isolation, which included months in an empty cell with no clothing, or bedding. Extended periods of "four point" restraint, in which Alkhafaji was shackled naked, to a bare metal bed, constant daily verbal abuse as result of Alkhafaji being an nationalized Iraqi citizen during a time of war with his native country. Denial of basic nessesities, health services and physical assault which resulted in permanant paralysis, and diminished physical capacity at the hands of named defendant(s) while under the supervision of mental health professional tasked with overseeing mental, and physical health needs.
2. All defendant(s) acted under color of state law.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Extreem "PTSD", constant nightmares, diminished mental capacity, permanant paralysis and diminished physical capacity, diminished quality of life, and life expectency.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Maricopa County staff and civilian employees refused to acknowledge or accept request based on status as under "mental health evaluation".

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

A. Diagnostic testing and treatment for psycological, and physical diminished capacities.
B. For damages in an amount to be determined at time of trial
C. For punitive damages
D. For document preperation, paralegal, and attorney fees, and service fees, and costs
E. For such relief as the court deems just
F. For long term / lifetime medical care, testing and treatment
G. For sanctions and judicial review of MCSO Jail facilities, mental, and medical health services, and confinement conditions for pyscologically evaluated detainees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __3-3-12__
       DATE

__[signature]__
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6