**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salam S. Alkhafaji, | No. CV 11-0741-PHX-DGC-MEA |
| Plaintiff, | **ORDER** |
| vs. | |
| County of Maricopa, et al., | |
| Defendants. | |

Plaintiff Salam S. Alkhafaji brought this *pro se* civil rights action under 42 U.S.C. § 1983 against the following Maricopa County employees: Correctional Officers G. Bush and Rain; Sergeant Roger; and doctors P. Drapeau and Humis (Doc. 19 at 2-2A). Defendants move to dismiss Plaintiff's claims as time-barred and for failure to state a claim (Doc. 30). The motion is fully briefed (Docs. 32, 34). The Court will grant Defendants' motion and dismiss this action.

**I.     Background**

Plaintiff filed his original Complaint on April 14, 2011 (Doc. 1). After several attempts, Plaintiff filed a complete In Forma Pauperis application on July 22, 2011 (Doc. 12). The Court granted the application and proceeded to screen the original Complaint under 28 U.S.C. § 1915A(a). The pleading was dismissed for failure to state a claim and, after Plaintiff failed to timely file an amended pleading, this action was dismissed on September 27, 2011. Plaintiff successfully moved to reconsider the Court's decision and Plaintiff was permitted to file a First Amended Complaint, which he did on March 8, 2012

(Doc. 19). In his amended pleading, Plaintiff presented two claims for relief stemming from his incarceration as a pretrial detainee in Maricopa County's Lower Buckeye Jail. In Count One, Plaintiff alleged that he was subjected to excessive force on December 30, 2008, while he was suffering an incapacitating asthma attack (id. at 3B-C). Plaintiff alleged that Drapeau came to Plaintiff's cell to evaluate him, believed Plaintiff was malingering, and directed Bush, Rain, Roger, and Humis to place Plaintiff in hand and leg restraints (id.). Then, when Plaintiff did not stand up, Drapeau directed Bush Rain, Roger, and Humis to force Plaintiff to comply, which included grabbing Plaintiff by the ears and beating and kicking Plaintiff for several minutes (id.). After the incident, Bush and Roger took Plaintiff to a disciplinary isolation cell, where he was stripped and shackled to a four-point restraint bed for more than forty-eight hours, forcing Plaintiff to urinate and defecate on himself (id.).

In Count Three, Plaintiff claimed that from October 2006 until August 20, 2009, he was kept in complete isolation under the direct supervision of Drapeau (id. at 5). As a result, Plaintiff asserts that he was subjected to psychological, physical, and verbal abuse, including being housed in an empty cell without clothing or bedding for months, placed in a four-point restraint for extended periods, verbally abused, denied basic necessities and health services, and assaulted (id.).

The Court screened the First Amended Complaint and directed Bush, Rain, Roger, Drapeau, and Humis to respond to Counts One and Three (Doc. 20 at 8).[1] Defendants Drapeau and Rain have been served (Docs. 26, 28) and they move to dismiss (Doc. 30). Bush, Roger, and Humis have not been served (Docs. 23, 24, 29).

**II.    Statute of Limitations Analysis**

   **A.    Governing Standard**

When the statute of limitations forms the basis of a motion to dismiss for failure to state a claim, the motion can only be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."

---

[1] Upon screening pursuant to 28 U.S.C. § 1915A(a), Count II and Defendants Arpaio, Chris, Oddly, Straight, and Spiritu were dismissed (Doc. 20 at 8).

- 2 -

Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980); see also TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). The complaint cannot be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

Section 1983 does not include its own statute of limitations. TwoRivers, 174 F.3d at 991. Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state. Wilson v. Garcia, 471 U.S. 261, 280 (1985); TwoRivers, 174 F.3d at 991. In Arizona, the limitations period for personal injury claims is two years. Id.; see also Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007); TwoRivers, 174 F.3d at 991. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).

The Court must also apply any state rule for tolling to actions brought under § 1983. Hardin v. Straub, 490 U.S. 536, 544 (1989); Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000); TwoRivers, 174 F.3d at 992. Under Arizona law, the limitation period is tolled during mandatory exhaustion of administrative remedies. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005); Arizona Dep't of Revenue v. Dougherty, 29 P.3d 862 (Ariz. 2001); Third & Catalina Assoc. v. City of Phoenix, 895 P.2d 115, 119 (Ariz. Ct. App. 1994); see also Ariz. Rev. Stat. § 12-821.01(c) (cause of action required by law or contract to be submitted to administrative review process does not accrue until process exhausted)). Finally, the Court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)).

### B.     Count One

According to Plaintiff, the claim presented in Count One of the First Amended Complaint occurred on December 30, 2008 (Doc. 19 at 3C). Because of the nature of the claim, Plaintiff was aware of his injuries at the time of the alleged excessive force, or no more than forty-eight hours after he was transferred to the isolation cell. Plaintiff was, therefore, required to file this action within two years, or no later than January 1, 2011. See TwoRivers, 174 F.3d at 991. But Plaintiff filed his original Complaint—which did not include this claim—in April 2011 and filed his First Amended Complaint including this claim in March 2012. Consequently, it is not necessary for the Court to determine whether Count One of the First Amended Complaint relates back to the original because neither pleading was filed within the statute of limitations.[2] Nor is there time to toll for the exhaustion of administrative remedies because Plaintiff states in his First Amended Complaint that he was not able to exhaust the jail's grievance process (Doc. 19 at 3, 5). Brown, 422 F.3d at 943. For these reasons, Count One is time-barred and must be dismissed.

### C.     Count Three

The allegations in Count Three, in contrast, are a continuing series of events that occurred between October 2006 and August 20, 2009 (Doc. 19 at 5). Consequently, at the latest, Plaintiff was aware of his claim by August 20, 2009, thereby requiring that his claim be filed no later than August 20, 2011. The question becomes, therefore, whether this claim—presented in Plaintiff's First Amended Complaint filed on March 8, 2012—relates back to the filing of Plaintiff's original Complaint on April 14, 2011, which would render it timely filed. See Advisory Committee Notes on 1966 Amendment to Fed. R. Civ. P. 15 ("[r]elation back is intimately connected with the policy of the statute of limitations").

The decision of whether an amended complaint relates back is committed to the Court's discretion. Louisiana-Pac. Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993);

---

[2] Even if the Court were to engage in a relation back analysis, the First Amended Complaint would not relate back because the excessive force claim alleged in Count One was not presented in the original Complaint. Fed. R. Civ. P. 15(c)(1)(B).

Kilkenny v. Arco Marine, Inc., 800 F.2d 853, 856 (9th Cir. 1986). Under Federal Rule of Civil Procedure 15(c)(1), an amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transactions, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

No law other than Rule 15 provides for relation back of Plaintiff's claims as required by Rule 15(c)(1)(A), and the requirement of Rule 15(c)(1)(B) is dispositive because it applies to both subparagraphs (B) and (C). Plaintiff complained in the original complaint about an alleged incident of excessive force that occurred on August 2, 2009, the denial of medical treatment stemming from that incident, and general allegations about being threatened with abuse when attempting to submit administrative remedies (Doc. 1 at 3-5). The claims in the original Complaint bear no relation to the allegations in Count Three of his First Amended Complaint, where Plaintiff avers that Drapeau kept him in isolation for nearly three years, denied him clothing, bedding, basic necessities and medical care, kept him in four-point restraints for extended periods, and verbally and physically abused him. Because Count Three does not arise out of the conduct, transactions, or occurrence at issue in the original complaint, the Court finds that Count Three does not relate back to the original complaint under Rule 15(c)(1)(B) or (C). Because both Count One and Count Three are time-barred, the Court need not consider Defendants' additional argument that Count Three fails to state a claim.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 30).

(2) Defendants' Motion to Dismiss (Doc. 30) is **granted**.

(3) This action is dismissed and the Clerk of Court must enter judgment accordingly.

(4) For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from the judgment in this action would not be taken in good faith.

DATED this 26th day of October, 2012.

_David G. Campbell_
United States District Judge